IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IRENE KATRENSKY and JOHN S. KATRENSKY, JR., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.  3:07cv674-WHA |
| vs. | ) ) | (WO) |
| DOROTHEA MCBRIDE, etc., et al, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. FACTS AND PROCEDURAL HISTORY

This cause is before the court on a Motion to Dismiss (Doc. #3), filed on July 25, 2007.

The Plaintiffs originally filed their Complaint in the Circuit Court of Macon County, Alabama.  The Plaintiffs allege that Plaintiff Irene Katrensky was an invitee of the U.S. Veterans Hospital in Tuskegee, Alabama, when she slipped and fell, and suffered injuries to her arm and other parts of her body.

The United States Attorney for the Middle District of Alabama certified that Defendant Dorothea McBride was acting within the scope of her federal office or employment at the time of the incident out of which the Plaintiff's claims arise.  The case was removed to federal district court on the basis of the scope-of-employment certification.  28 U.S.C. § 2679(d)(2) and on the basis of 42 U.S.C. § 1442(a)(1) which provides for removal of actions against an agency of the United States.

The United States also moved to dismiss the case, based on the Plaintiffs' failure to exhaust administrative remedies.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED.

## II.  MOTION TO DISMISS

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack."  A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings.  *Lawrence*, 919 F.2d at 1529.  Under a factual attack, the court may hear conflicting evidence and decide the factual issues that determine jurisdiction.  *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991).  The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction.  *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

## III.  DISCUSSION

The United States has moved to dismiss this case on the basis of a lack of subject matter jurisdiction, stating that the Plaintiffs have not presented an administrative claim to the appropriate federal agency as required by 28 U.S.C. § 2675(a).   The United States also has stated that this court lacks jurisdiction because the United States, rather than the U.S. Veterans Hospital of Tuskegee, Alabama is the proper party in this case.

The Plaintiffs respond that it was their intention to proceed in state court, where there is no administrative prerequisite, and that it was only by virtue of the U.S. Attorney's certification that the case was removed to federal court.  The Plaintiffs ask that the matter be held in abeyance until they have an opportunity to file a claim with the Department of Veterans' Affairs, relying in part on *Chambly v. Lindy*, 601 F. Supp. 959 (N.D. Ind. 1985).

2

As the United States points out, the Supreme Court has held that the Federal Tort Claims Act bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.  *McNeil. v. United States*, 508 U.S. 106, 110-13 (1993).  Under the same reasoning, therefore, the court finds that it has no jurisdiction to order a stay in this case. Accordingly, it is hereby

ORDERED that the Motion to Dismiss (Doc. #3) is GRANTED and this case dismissed for lack of subject matter jurisdiction.


 Done this 11th day of October, 2007.



/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

3